Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150010494
Transaction ID: 0003123782
Filing Date: 12/08/2015 12:46:35 PM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| VERONICA BARNES, | ) | CASE NO. CI 15 - _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| A Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

EXHIBIT 1

COMES NOW, Plaintiff Veronica Barnes, by and through her undersigned attorneys and for her cause of action against Defendant, Lincoln National Life Insurance Company, a Corporation, states and alleges as follows:

## PARTIES

1.   Plaintiff was at all times relevant hereto a resident of Omaha, Douglas County, Nebraska.

2.   Defendant was at all times relevant hereto a Corporation licensed in the State of Nebraska and engaged in the business of insuring risks.

## JURISDICTION AND VENUE

3.   Plaintiff hereby incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every one of these paragraphs were set forth here in its entirety.

4.   The Defendant sold the long term disability ("LTD") insurance policy to Omaha Public Power District ("OPPD") in Omaha, Douglas County, Nebraska; and Defendant maintains a group insurance service office in, Omaha, Douglas County, Nebraska. Accordingly, venue is proper pursuant to Neb. Rev. Stat. § 25-403.01.

## FACTS

5. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every one of these paragraphs were set forth here in its entirety.

6. Plaintiff began her employment with OPPD in 2009. She worked in a full-time capacity as a Nuclear Security Officer II, which is an armed and uniformed position, at the OPPD Fort Calhoun Nuclear Power Plant.

7. Sometime prior to January 1, 2010, Defendant sold a group LTD insurance policy (Group Policy No. 000010121655) ("the Policy") to OPPD, who provided the insurance coverage to its eligible employees as part of their compensation package.

8. Plaintiff was an eligible employee and was covered under the terms of the Policy.

9. In addition to working her full-time job at OPPD, Plaintiff also served in the United States Naval Reserve. In that capacity, she received orders to take a military leave in October, 2012, and was deployed to Afghanistan.

10. Throughout her military leave, OPPD continued to pay the premiums to Defendant to maintain Plaintiff's coverage under the Policy.

11. During the two years prior to taking her military leave, Plaintiff was subjected to sexual harassment by a fellow employee at OPPD, who was subsequently promoted and became Plaintiff's supervisor.

12. During her military leave and while stationed in Afghanistan, Plaintiff was the victim of an attempted sexual assault by her immediate supervisor. She was only able to stop her assailant by pulling her gun on him.

13. After reporting the attempted sexual assault, Plaintiff was required to see a mental health professional to ensure that she was mentally fit for duty and able to carry a weapon. At

that time, the mental health professional determined that Plaintiff was fit for duty and able to carry her weapon based on the fact that she had only three weeks left in Afghanistan and that her assailant had already been sent back to the United States, thereby alleviating some of the stress and anxiety that Plaintiff continued to endure while in his presence.

14. After returning from military leave, Plaintiff was contacted by Joe Stivers, a scheduling manager at OPPD, who asked her when she planned to return to work as they were short of help and needed her as soon as possible. In order to accommodate her employer, Plaintiff returned to work right after her military leave ended, rather than taking any of the additional time allotted to her by law (38 U.S.C. § 4312(e)(1)(D)).

15. On or about November 29, 2013, Plaintiff met with Mr. Stivers, a scheduling manager at OPPD to discuss the terms regarding her return to her position as a Nuclear Security Officer II. At that meeting, Mr. Stivers specifically informed Plaintiff that she did not need to take any further steps to resume her job or to reinstate her full benefits.

16. Plaintiff returned to her regular duties as a full-time Nuclear Security Officer II at OPPD Fort Calhoun Nuclear Public Power Plant, which was her regular place of employment, at 7:30 a.m. on December 2, 2013.

17. During the morning hours on December 2, 2013, Plaintiff performed several required tasks including the following: worked with the IT department in an effort to gain computer access so that she could begin her online training courses, began the paperwork to comply with a physical examination requirement, and worked with the training department who told her to report to the range and fire weapons for her weapons qualification. She was informed that if she did not successfully complete all of these tasks, she would be terminated from her job.

18. Due to the immediate requirements imposed by the training courses, the realization that failure to complete any of the requirements would result in her termination, and the fear that overcame her when forced to report to the range and fire a weapon again for the first time since her military leave, Plaintiff suffered an anxiety attack.

19. The intense fear that overcame Plaintiff at the possibility of having to draw her weapon again brought back the traumatic memories of the attempted sexual assault she experienced while in Afghanistan. This fear and stress contributed to, and intensified, her anxiety attack.

20. Upon realizing that she was suffering from an anxiety attack, Plaintiff discussed the situation with her immediate supervisor, Teri Herman, who told Plaintiff to just remain at work while she followed up with the human resources department. Ms. Herman told Plaintiff that if she left the premises, she would be fired.

21. At approximately noon on December 2, 2013, as her anxiety attack intensified under the mounting stress, Plaintiff felt she had to leave the premises, and subsequently did so.

22. On or about January 13, 2014, Plaintiff was diagnosed with post-traumatic stress disorder ("PTSD"). Her medical records also establish that she suffers from major depressive disorder, degenerative disc disease, nerve damage from bulging discs in her neck, fibromyalgia, migraines and tinnitus.

23. As of October 8, 2014, Plaintiff became temporarily medically retired from the military. And, as of December 1, 2014, she received a 100% disability rating from the Veteran's Administration as a result of her disabling medical conditions.

24. Because her PTSD diagnosis prevents her from holding a job that requires her to carry a weapon, Plaintiff has been unable to return to her job at OPPD. Also, her additional di-

agnoses of major depressive disorder, degenerative disc disease, nerve damage from bulging discs in her neck, fibromyalgia, migraines and tinnitus, have prevented her from working at any other job.

25. Plaintiff filed a claim for LTD benefits under the Policy in August, 2014.

26. Her claim was denied by Defendant on October 8, 2014.

27. Plaintiff filed an administrative appeal of Defendant's denial of LTD benefits on March 12, 2015, and provided additional support for her claim on April 16, 2014.

28. Defendant upheld their denial of Plaintiff's claim for LTD benefits in a letter dated June 23, 2015.

29. Plaintiff filed a second administrative appeal of Defendant's denial of her claim for LTD benefits on August 11, 2015.

30. Defendant again upheld their denial of Plaintiff's claim for LTD benefits in a letter dated September 2, 2015. That letter also stated that Plaintiff had exhausted all administrative rights of appeal under the terms of the Policy, and that Defendant had closed Plaintiff's administrative file.

## CAUSE OF ACTION – BREACH OF CONTRACT

31. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, by this reference, as if each and every one of these paragraphs were set forth here in its entirety.

32. Under the terms of the Policy, Defendant agreed to provide LTD benefits to Plaintiff provided certain conditions were satisfied.

33. Plaintiff is, and at all times relevant hereto was, eligible for LTD benefits under the terms of the Policy.

34. Plaintiff has complied with all material requirements necessary to make a claim under the Policy.

35. Plaintiff's diagnosis of PTSD and her other disabling medical diagnoses and conditions have met the requirements to qualify for LTD benefits under the terms of the Policy.

36. Defendant's refusal to provide LTD benefits to Plaintiff under the terms of the Policy constitutes a breach of contract.

37. As a result of this breach of contract, Plaintiff has suffered, and continues to suffer, damages in amount to be proved at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant on her Cause of Action in an amount to be proved at trial, together with interest as provided by statute, costs and attorney fees, including but not limited to, those provided in Neb. Rev. Stat § 44-359, and further relief that the Court deems just and equitable.

DATED this 4 day of December, 2015.

VERONICA BARNES, Plaintiff,

BY _____
GREG ABBOUD, #17232
ABBOUD LAW FIRM
6530 South 84th Street
Omaha, NE 68127
Phone: (402) 592-5555
Facsimile: (402) 331-4569

ATTORNEYS FOR PLAINTIFF

STATE OF NEBRASKA )
) SS.
COUNTY OF DOUGLAS )

VERONICA BARNES, being first duly sworn on oath, deposes and states that she is the Plaintiff in the foregoing action; that she has read the above Complaint, knows the contents thereof, and that the statements therein contained are true.

_____
VERONICA BARNES

SUBSCRIBED AND SWORN to before me this 4 day of December, 2015.



_____
Notary Public

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| VERONICA BARNES, | CASE NO. CI 15 - _____ |
| Plaintiff, | |
| vs. | PRAECIPE |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| A Corporation, | |
| Defendant. | |

TO THE CLERK OF SAID COURT:

PLEASE ISSUE a Summons to be served, along with a copy of the Complaint, by first-class, certified mail, to the Defendant, LINCOLN NATIONAL LIFE INSURANCE COMPANY, to its registered agent CSC – Lawyers Incorporating Service Co., 233 South 13th Street, Suite 1900, Lincoln, NE 68508.

DATED this 4 day of December, 2015.

VERONICA BARNES, Plaintiff,

BY _____
GREG ABBOUD, #17232
ABBOUD LAW FIRM
6530 South 84th Street
Omaha, NE 68127
Phone: (402) 592-5555
Facsimile: (402) 331-4569

ATTORNEYS FOR PLAINTIFF

```
Image ID:
D00357558D01
```
**SUMMONS**

Doc. No.   357558

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

Veronica Barnes v. Lincoln National Life Insurance Co.

Case ID: CI 15   10494

TO:   Lincoln National Life Insurance Co.

**FILED BY**
Clerk of the Douglas District Court
12/08/2015

You have been sued by the following plaintiff(s):

   Veronica Barnes

Plaintiff's Attorney:      Gregory R Abboud
Address:                   6530 So 84th Street
                           Omaha, NE 68127-4139

Telephone:                 (402) 331-3555

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: DECEMBER 8, 2015      BY THE COURT:   John M. Friend
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Lincoln National Life Insurance Co.
   CSC - Lawyers Inc Service Co
   233 South 13th Street, Ste 1900
   LINCOLN, NE 68508

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.