IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA BARNES,<br><br>    Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, a corporation;<br><br>    Defendant. | 8:15CV469<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

The defendant has moved to amend its notice of removal, explaining its initial notice erroneously identified the location of Defendant's principal place of business. ([Filing No. 11](#)). Plaintiff moves for remand, arguing that since Plaintiff is a Nebraska citizen and Defendant conducts business in Nebraska, the court lacks diversity jurisdiction. ([Filing No. 7](#)). For the reasons stated below, Defendant's motion will be granted, and Plaintiff's motion for remand should be denied.

## ANALYSIS

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." See [28 U.S.C. § 1332(a)(1)](#). For the purposes deciding if diversity exists, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." [28 U.S.C. § 1332(c)(1).](#)

Plaintiff's complaint seeks recovery for unpaid disability insurance benefits. Defendant removed Plaintiff's complaint from the District Court of Douglas County, Nebraska on the basis of diversity jurisdiction, stating the amount in controversy exceeds $75,000 and the Plaintiff and Defendant are citizens of different states. Plaintiff's

complaint alleges Plaintiff is a Nebraska resident. ([Filing No. 1-1](#)). Defendant's initial notice of removal states "Defendant is a corporation organized and existing pursuant to laws of the State of Indiana, with its principal place of business in Ft. Wayne, Indiana." ([Filing No. 1](#)).

Defendant now moves to correct the notice of removal, stating that at the time of removal, Defendant's principal place of business was located in Radnor, Pennsylvania, not Fort Wayne, Indiana. Under the allegations of either Defendant's initial or proposed amended notice of removal, Defendant's principal place of business was not in Nebraska (the state of Plaintiff's citizenship) when this case was removed. Thus, Defendant's proposed amendment does not affect whether diversity jurisdiction existed at the time of removal, or the court's analysis of that issue. Defendant's motion to amend the notice of removal to state its principal place of business was in Pennsylvania, not Indiana as initially stated, will be granted.

Defendant's amended notice of removal alleges diversity jurisdiction: It alleges Plaintiff is a citizen of Nebraska; Defendant, as an Indiana corporation with its principal place of business in Pennsylvania, is a citizen of Indiana and Pennsylvania; and the amount in controversy exceeds $75,000.[1] But Plaintiff claims Defendant is also a citizen of Nebraska because it conducts business in Nebraska, and therefore Plaintiff and Defendant are both Nebraska citizens and diversity of citizenship is lacking.

For the purposes of [28 U.S.C. § 1332(c)(1)](#),

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the . . . the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its

---

[1] Plaintiff's motion to remand does not claim the amount in controversy is less than $75,000.

2

headquarters—provided that the headquarters is the actual center of direction, control, and coordination [of the corporation].

Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). Although Defendant may be conducting business in Nebraska, its additional business presence in Nebraska does not make it a Nebraska citizen for the purposes of § 1332(c)(1). Wierman v. Casey's Gen. Stores, 638 F.3d 984, 1004 (8th Cir. 2011). The court therefore finds complete diversity of citizenship exists.

Accordingly,

IT IS ORDERED:

1) Defendant's motion for leave to amend its notice of removal, (Filing No. 11), is granted.

2) Defendant shall file its amended notice of removal on or before January 29, 2016.

3) Counsel for the parties shall confer and, on or before **February 29, 2016**, they shall jointly file a Form 35 (Rule 26 (f)) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms in Word and WordPerfect format.

4) If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before **February 23, 2016**, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

IT IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by the plaintiff (Filing No. 7) be denied.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

January 25, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.